THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EARL TAYLOR, Appellant.

County Court, Niagara County, May 9, 1936.

*Burt A. Duquette,* for the appellant.

*Raymond A. Knowles, District Attorney,* for the respondent.

GOLD, J. The defendant was arrested on the 20th day of December, 1935, upon a warrant, charging him with a violation of section 940 of the Penal Law of the State of New York, theretofore issued by Roy A. Haight, a justice of the peace of the town of Somerset, Niagara county.

On the 23d day of December, 1935, a trial was had before a jury in said court and the jury returned a verdict of guilty.

Prior to the arrest and conviction of the defendant, he had executed and delivered a chattel mortgage on a Model "A" Ford truck owned by defendant, which was assigned to one George McKee, said mortgage apparently having been given to secure the payment of a funeral bill for services rendered on the death of defendant's mother.

It is contended by the appellant, among other things, that the justice of the peace did not have jurisdiction in the matter, to wit, a violation of section 940 of the Penal Law.

Said section provides as follows:

" § 940. Fraudulently secreting personal property. A person who, having theretofore executed a mortgage of personal property, or any instrument intended to operate as such, sells, assigns, exchanges, secretes or otherwise disposes of any part of the property, upon which the mortgage or other instrument is at the time a lien, with intent thereby to defraud the mortgagee or a purchaser thereof, is guilty of a misdemeanor."

The respondent contends that the court did have jurisdiction under subdivision 25 of section 56 of the Code of Criminal Procedure, which provides as follows:

" 25. Removing property out of the county, with intent to prevent the same from being levied upon by execution, or secreting, assigning, conveying or otherwise disposing of property with intent to defraud any creditor, or to prevent the property being made liable for the payment of debts, or for receiving property with such intent."

There being no particular penalty prescribed for violation of section 940, the maximum penalty for conviction under said section would be imprisonment in a penitentiary or county jail for a term not exceeding one year or a fine of $500, or both. (Penal Law, § 1937.)

Section 940 of the Penal Law was passed for the express purpose of punishing a person who had given a chattel mortgage or other lien upon personal property and thereafter violated the said section.

I am of the opinion that subdivision 25 of section 56 of the Code of Criminal Procedure has particular reference to a violation of section 1171 of the Penal Law, as the wording is almost analogous

and certainly refers to the type of case mentioned in said section 1171 of the Penal Law.

It was apparently the intention of the Legislature to make a distinction in the type of case referred to in said section 940 of the Penal Law and subdivision 25 of section 56 of the Code of Criminal Procedure and to make it a more serious offense for a person who had given a chattel mortgage to another person, thereby divesting himself of title in favor of the mortgagor until the conditions specified in the chattel mortgage had been fulfilled, than a person who is absolute owner of property and who had given no lien of any kind upon the same.

There are certain types of misdemeanor, the punishment of which is sentence to a penitentiary or county jail for one year or a fine of $500, or both, but the only type of such case over which a justice of the peace has jurisdiction is one specified in section 56 of the Code of Criminal Procedure. A violation of section 940 of the Penal Law is not specified in said section 56.

I am, therefore, satisfied that the justice of the peace did not have jurisdiction of the offense charged against this defendant and the judgment of conviction is reversed.

Let an order be entered accordingly.